27 F.3d 481
 Nancy ARMIJO, personal representative of the Estate of Luz
Armijo, Deceased, Plaintiff-Appellant/Cross-Appellee,
v.
ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Delaware
corporation, Defendant-Appellee/Cross-Appellant.
 Nos. 91-2084, 91-2088.
 United States Court of Appeals,
Tenth Circuit.
 June 17, 1994.
 
 Chris Key, Albuquerque, NM, for plaintiff-appellant/cross-appellee, Nancy Armijo.
 John S. Thal of Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM (Timothy C. Holm of Modrall, Sperling, Roehl, Harris & Sisk, with him on the brief), for defendant-appellee/cross-appellant.
 Before SEYMOUR, Chief Judge, and HOLLOWAY and McWILLIAMS, Circuit Judges.
 
 ORDER ON REHEARING
 
 1
 On consideration of the petition for rehearing and suggestion of rehearing en banc of defendant-appellee Atchison, Topeka and Santa Fe Railway Company (Santa Fe), the response thereto of plaintiff-appellant Nancy Armijo (Armijo), and of the subsequent submissions this court has permitted to be filed, the court finds and concludes as follows:
 
 
 2
 Our panel opinion filed March 22, 1994, 19 F.3d 547, details the factual background of this controversy and its procedural posture and need not be repeated. We will note herein only those facts especially pertinent to the disposition of the petition for rehearing and the suggestion of rehearing en banc and our disposition.
 
 
 3
 The petition and suggestion argue that our disposition in the panel opinion was in error in concluding, 19 F.3d at 551, that the case need not be remanded for further determinations on the preemption issue as was done in the Order on Remand in Hatfield v. Burlington Northern Railroad Company, 1 F.3d 1071 (10th Cir.1993) (Hatfield II ); that in fairness we should remand for further development of the evidence on the preemption issue as we did in Hatfield II, id. at 1072; that at the time the summary judgment record was developed, Santa Fe did not have the benefit of the Supreme Court's opinion in C.S.X. Transportation, Inc. v. Easterwood, --- U.S. ----, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993), or our Hatfield II opinion. Appellee's Petition for Rehearing and Suggestion for Rehearing In Banc, 5-6. Plaintiff Armijo responds that our panel decision and Hatfield II are thoroughly consistent with each other in full and fair application of Easterwood; that in our panel opinion we were able to find sufficient exploration of the facts to allow us to come to a conclusion on the preemption question, with no remand on that issue being necessary; and that the panel properly held there was no preemption, the North Gabaldon crossing not being a project where federal funds had participated in the installation of warning devices. Appellant's (Armijo's) Response to Appellee's Petition for Rehearing and Suggestion for Rehearing In Banc, 4-5. Armijo's argument opposes remand for further factual development on the preemption issue.
 
 
 4
 We are persuaded that we should modify our prior opinion and disposition to remand the preemption issue so as to permit both parties to develop any further evidence available on the issue of preemption and particularly on the circumstances bearing on the issue whether and when Federal-aid funds may have participated in the installation of warning devices at the North Gabaldon crossing. We are moved to modify our disposition to this extent due to the fairness element alluded to in Hatfield II, 1 F.3d at 1072, and due to the procedural posture of the instant case. In our panel opinion when we reversed the summary judgment on the preemption ruling of the district judge in favor of the Santa Fe, we then held there was "no evidence that the events necessary for preemption occurred before the accident on October 23, 1987." 19 F.3d at 551. We remanded only the state law negligence issue for further proceedings. We in effect granted summary judgment on the preemption issue in favor of the non-moving party, Mrs. Armijo. However, such a judgment in favor of the non-moving party should only be entered if we are convinced that the facts were fully developed at the summary judgment hearing so that we can determine that the non-moving party clearly was entitled to a judgment as a matter of law, and that entry of judgment for the non-moving party would not work procedural prejudice to the moving party. Dickeson v. Quarberg, 844 F.2d 1435, 1444-45 n. 8 (10th Cir.1988) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d Sec. 2720). Accord, E.C. Ernst, Inc. v. General Motors Corp., 537 F.2d 105, 109 (5th Cir.1976) ("[a]lthough it is occasionally proper for an appellate court to enter summary judgment for the non-moving party, this occurs in the rare case in which it is very clear that all material facts are before the reviewing court").
 
 
 5
 In the circumstances before us, on reconsideration we are persuaded that we should remand the preemption issue for both parties to have a full opportunity to develop the facts on whether there was participation of federal funds in the installation of warning devices at the North Gabaldon crossing, and when any such participation, if any, of federal funds may have occurred with respect to the date of the accident--October 23, 1987. The Easterwood and Hatfield II opinions were rendered after the summary judgment record was developed on the preemption issue which led to the partial summary judgment for the Santa Fe. Fairness to all parties leads us to conclude that we should remand the issue for further proceedings in which both parties are allowed to develop such evidence. The district court should then make its determination on the preemption issue in light of the principles laid down by the Supreme Court in Easterwood and our interpretation thereof in Hatfield II.
 
 
 6
 Accordingly, the petition for rehearing is GRANTED. Our disposition in No. 91-2084 is modified and the partial summary judgment of the district court for the Santa Fe, 754 F.Supp. 1526, is REVERSED. In No. 91-2088, Santa Fe's cross-appeal is DISMISSED for lack of appellate jurisdiction of the issues raised therein. The case is REMANDED for further proceedings, including further consideration of the preemption issue as provided herein and for consideration of the state law negligence issue.
 
 
 7
 The petition for rehearing and suggestion of rehearing en banc and the subsequent submissions permitted have been circulated to the panel and all the active judges of the court, and all such judges have been advised of this order being entered by the hearing panel. No member of the panel and no judge of the court in regular active service has requested a poll on the suggestion of rehearing en banc, and accordingly, that suggestion, and the motion of appellant Santa Fe for oral argument on the petition and suggestion are DENIED.